OPINION DISSENTING FROM THE DENIAL OF REHEARING

ALCALA, J.,
filed an opinion dissenting from the denial of rehearing, in which JOHNSON and COCHRAN, JJ., joined.
It seems that, despite the great strides that Texas’s criminal-justice system has made in ensuring that all people will have fair trials, for every two steps forward there is one step back. The Court’s holding in this case represents that step back and affects not only the Hispanic population in Texas, but all Texans who expect that their State’s courts will consistently abide by the requirements of the United States Constitution. See U.S. Const, amends. VI, XIV. Non-English speakers and those with only a poor grasp of English comprise approximately nine percent of the population in Texas, or roughly two million people. See Camille Ryan, Language Use in the United States: 2011 American Community Survey Reports, U.S. Census BuReau, Aug. 2013, at 3, 11, available at http://www.census.gov/prod/2013pubs/acs-22.pdf (noting that roughly nine percent of those Texans surveyed in 2010 who spoke a non-English language at home rated their English-speaking ability as “not at all,” the highest of any state). Assuming that the same proportion of non-English speakers will appear as criminal defendants in Texas state courts, that means that this Court’s majority opinion will likely affect tens of thousands of defendants who, like Irving Magana Garcia, appellant, are unable to speak or understand the English language and are entirely dependent on courts to provide language translators for them.[1]
*618 Despite the far-reaching effects of its decision, this Court’s majority opinion used a smoke-and-mirrors approach to deny appellant relief by addressing only a subpart of his argument and not the thrust of his actual complaint. Specifically, rather than address the heart of appellant’s complaint that his waiver was not valid, this Court instead exhaustively explained that a waiver may be shown through an off-the-record colloquy, but that matter had already been recently decided by this Court and, therefore, the discussion was largely immaterial to the resolution of this appeal. See Davison v. State, 405 S.W.3d 682, 685-87 (Tex.Crim.App.2013) (record may be sufficient to establish waiver if it “otherwise affirmatively discloses” that waiver was knowing and voluntary). The extensive discussion of this issue resulted in disguising the following logical fallacy: An actual waiver colloquy need not be on the record; here, the waiver was not on the record but there was a representation to the trial court by counsel that appellant did not want an interpreter; therefore, the waiver was valid. The fallacy in this reasoning is that it erroneously presumes that counsel’s statement to the trial court indicating that appellant did not want an interpreter constituted a valid waiver of appellant’s constitutional rights, the issue of which was the disputed matter before the Court and which this Court never addressed. This Court should grant rehearing because it has never addressed the ground presented in appellant’s petition, a ground that is exceptionally important to preserve the rights of thousands of non-English-speaking defendants in Texas. Because this Court refuses to grant rehearing, I must respectfully dissent.
I. The Majority Opinion Never Addressed Appellant’s Ground in His Petition
This Court’s majority opinion began by setting up high hopes that appellant’s complaint would be addressed. In a single paragraph at the beginning of the analysis section, the majority opinion accurately set forth the law for waiver of an interpreter. See Garcia v. State, No. PD-0646-13, 2014 WL 1375457, at *2 (Tex.Crim.App. Apr.9, 2014). It observed that “the right[s] at issue here” fall under the second category in Marin v. State, which requires that the “right must be implemented unless expressly waived.” Id. (citing Marin v. State, 851 S.W.2d 275, 279 (Tex.Crim.App.1993)). It noted that “when the trial judge knows that the defendant cannot understand English, an interpreter must be appointed for the defendant unless the defendant waives such appointment.” Id. (citing Garcia v. State, 149 S.W.3d 135, 144-45 (Tex.Crim.App.2004)). The majority opinion concluded the paragraph by noting that a litigant “is never deemed to have [waived his rights] unless he says so plainly, freely, intelligently, sometimes in writing and always on the record.” Id. (citing Marin, 851 S.W.2d at 280) (emphasis original).
After the single paragraph correctly describing the applicable law, the majority opinion went astray by focusing in its remaining pages solely on the meaning of the above italicized phrase, “always on the record.” See id. at *3-4. This Court then affirmed appellant’s conviction through a single conclusory sentence that states, “The record here contains evidence that trial counsel told appellant that he had a right to an interpreter, that appellant agreed with counsel not to request an in *619 terpreter, and that appellant and counsel communicated their desire not to have an interpreter to the trial judge, albeit in an off-the-record bench conference.” See id. at *4. This single sentence never explains how or why this communication by appellant’s counsel to the trial court, regardless of whether it was on or off the record, met the requirements in Marin. See Marin, 851 S.W.2d at 279. More specifically, the majority opinion never addressed the ground in appellant’s petition for discretionary review that inquired,
Did the court of appeals correctly fail to analyze the issue of whether appellant Garcia made an intelligent, knowingly [sic] and voluntary waiver of his rights to confrontations, equal protection, and due process under Amendments VI and XIV, United States Constitution, to be knowingly present with and hear in the Spanish Language from a qualified interpreter all said in the English language during proceedings in the cause’s critical stages at the pretrial hearings and the jury trial?
This Court should grant rehearing to answer the question it left unanswered previously, namely, whether the communication from counsel representing to the trial court that appellant did not desire an interpreter could be characterized as an intelligent, knowing, and voluntary waiver of appellant’s federal constitutional rights.
As pointed out in this motion for rehearing, the “record in this case affirmatively shows that the trial judge and the attorneys for both the State and the defense knew that Appellant could speak and understand only Spanish” and that “the trial judge did not make any inquiries beyond merely asking Appellant’s counsel if appellant wanted an interpreter.” Furthermore, the motion for rehearing observes that “the record is also exceedingly clear that Appellant’s attorney never explained to his client that he had a personal and constitutional, state and federal, right to have an interpreter, and to have him interpreting for him at all phases of trial, and that it really was not his lawyer’s right at all.” The motion explains that “it is undisputed that nobody (not the trial judge, not the prosecutors, not the interpreter, and not defense counsel) ever informed Appellant he had both federal and state constitutional rights which he would have to expressly waive.” The motion concludes that the record “certainly does not demonstrate that such waiver was a voluntary, knowing and intelligent waiver.”
The motion for rehearing accurately observes that the majority opinion wholly failed to answer the pertinent questions in this appeal with respect to whether the appellant’s waiver was made knowingly and voluntarily. It states,
These undisputed truths regarding Appellant and his ability to have any understanding of the testimony of the majority of trial witnesses leads to two questions which this Court failed to fully answer. First, whose rights were explained to Appellant? Second, what did Appellant’s acquiescence to his lawyer’s desires mean in the context of a waiver of personal rights? It is fundamentally clear that, when trial counsel told Appellant he could have an interpreter, but that he (defense counsel) did not want one, counsel was not explaining the defendant’s right to an interpreter. It is this failure which goes unrecognized in the Court’s opinion.
As I observed in my dissenting opinion in this case, because he was aware of appellant’s language barrier, “ ‘the judge has an independent duty to ensure that the proceedings are interpreted for the defendant, absent the defendant’s knowing and intelligent waiver.’ ” See Garcia, 2014 WL 1375457, at *6 (Alcala, J., dissenting) (quoting Garcia, 149 S.W.3d at 144). The record before us shows that the trial judge *620 did not make any inquiries beyond merely asking appellant’s counsel if appellant wanted an interpreter. This single question and answer constituted the entirety of any discussions between the court and appellant with respect to whether appellant wanted an interpreter. At no time did the trial judge question appellant or his attorney about their reasons for declining an interpreter or about whether appellant’s waiver of an interpreter was being made knowingly and voluntarily, and the trial court did not make any fact findings addressing whether appellant’s waiver was made knowingly and voluntarily. The record conclusively shows that counsel did not want an interpreter for his own reasons and urged appellant to forego his right to an interpreter without fully explaining the nature of the right at stake and the possible consequences of waiving that right. The trial court then compounded the problem by failing to verify that appellant’s waiver was being made freely and voluntarily, with an adequate awareness of his rights and the effect of the waiver. Because the record fails to show that appellant plainly, freely, and intelligently gave up his right to an interpreter, a reviewing court could not rationally hold that his waiver of an interpreter was made knowingly and voluntarily. Rather than address this issue head-on, the Court’s majority opinion instead resolved this case by analyzing only a sub-part of appellant’s arguments on a matter that had definitively already been decided by this Court, thereby leaving unanswered the larger question of whether appellant’s waiver was valid. See Davison, 405 S.W.3d at 685-87.
The Texas criminal-justice system has recently taken two steps forward with respect to providing for language access in courts. First, according to the Office of Court Administration (OCA), the Texas Legislature has recently provided funding for a Language Access Program to “help reduce linguistic barriers to meaningful justice in Texas courts.”[2] Second, as of April 2014, the “Texas Court Remote Interpreter Service (TCRIS) has now completed four months of successful operation, responding to requests from 52 judges in 39 counties for 157 hearings, for quality Spanish interpretation by licensed court interpreters.”[3] Despite these two steps forward to provide language access for non-English-speaking defendants in court, this Court’s majority opinion takes the Texas criminal-justice system one step back in this regard. Here, although an interpreter was actually present in the trial court ready to provide his translation services for appellant, the trial court did not use him to translate for appellant, not even to ask appellant if he knew he had a right to an interpreter, if he wanted to waive one, and if so, whether his waiver was being made intelligently, knowingly, and voluntarily. Regardless of any steps taken by the Legislature and the OCA to provide language access for defendants in court, this Court will continue to constitute the stumbling block in the path toward a better criminal-justice system in Texas until a majority of the judges on this Court consistently enforce the federal constitutional right to an interpreter.
*621 II. Conclusion
By doing nothing apart from asking trial counsel if appellant wanted an interpreter, the trial court judge was either uninformed of his absolute duty to obtain an effective waiver from appellant or unwilling to do so. This problem was compounded by the conduct of trial counsel, who apparently believed himself to be so inept that he would be unable to concentrate on witness testimony merely because of the presence of an interpreter. In light of the fact that the interpreter translated the testimony of many of the Spanish-speaking witnesses into English for the jury, trial counsel’s reasoning that he would be unable to concentrate if the interpreter also translated the testimony of English-speaking witnesses into Spanish for appellant lacked any logical foundation and was misguided. Based on the absence of information from the trial court judge and the misguided representations by trial counsel, appellant cannot rationally be characterized as having been adequately informed of his rights so as to have been able to make an intelligent, knowing, and voluntary waiver of his federal constitutional right to an interpreter. This is not a problem caused by a lack of funding or inadequate access to interpreters, but is instead one that implicates a judicial failure to enforce federal constitutional rights. Because this Court’s majority opinion refused to even address appellant’s federal constitutional complaint on the grounds that he presented in his appeal, I respectfully dissent from this Court’s denial of his motion for rehearing.

. According to the Office of Court Administration, in fiscal year 2013, Texas criminal dis *618 trict courts disposed of 266,236 cases, and statutory county courts disposed of 494,210 criminal cases. See Texas Office of Court Administration, Annual Statistical Report for the Texas Judiciary: Fiscal Year 2013, 40, 53 (Jan.2014).

.' Texas Court Remote Interpreter Seivice Completes 157 Hearings, CourTex Newsletter (Texas Office of Court Administration, Austin, T.X.), April 2014, http://archive.constant contact, com/fs 126/111032278485 8/archive/ 1117290237285. html; see also Texas Judicial Council, Director’s Report 9-10 (Feb.2014), available at http://www.courts.state.tx.us/tjc/ meetings/022114/ Directors ReportFeburary 2014.pdf.

. See Office of Court Administration, Remote Interpreter Service, http://archive.constant contact.eom/fsl26/l 110322784858/archive/ 1117290237285. html.